UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES JAMES DOUGAN,

        Petitioner,

v.                                                                                    Case No. 1:06-cv-01
                                                                                      (Criminal Case No. 1:04-cr-17)

UNITED STATES OF AMERICA,

        Respondent.                                                 HON. GORDON J. QUIST

_____/

## OPINION

       This Court has before it Charles James Dougan's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the following reasons, Petitioner's motion will be denied.

## Facts

       On March 15, 2004, Petitioner pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and three counts of possession with intent to distribute cocain base of a quantity more than 5 grams in violation of 21 U.S.C. § 841(b)(1)(B)(iii). The statutory maximum was 20 years for count 1 and 40 years for counts two through four. From Petitioner's admitted quantity of 77.1 grams of cocaine base, the Court calculated a base offense level of 32 plus an additional two levels for possession of a firearm, resulting in a total offense level of 34 with a criminal history category of 1. Petitioner requested a downward departure for acceptance of responsibility, and the Court denied this request because Petitioner tested positive for cocaine and marijuana while on bond. This resulted in a guideline

range of 151 to 188 months imprisonment.  The Court sentenced Petitioner to 151 months imprisonment, 5 years of supervised release, and a $1,450 fine.

Petitioner filed a notice of appeal, and the Sixth Circuit Court of Appeals dismissed his appeal for want of prosecution.  Petitioner has now filed the pending § 2255 motion alleging that he was denied effective assistance of counsel in violation of the Sixth Amendment and that the district court should not have denied him the acceptance of responsibility reduction.  For the ineffective assistance of counsel claim, Petitioner alleges that his counsel (1) had a conflict of interest because he was paid by Petitioner's drug supplier and pressured him not to cooperate with the government and (2) failed to seek a stay of Petitioner's June 7, 2004, sentencing until after the Supreme Court's June 24, 2004, ruling in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004).  This Court ordered the government to respond to Petitioner's motion.

## Analysis

Petitioner cannot establish ineffective assistance of counsel unless he can show two things.  First, Petitioner must show deficient performance by counsel.  This requires that counsel made errors so serious that he was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.  Second, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984).

Petitioner first bases his ineffective assistance of counsel claim on the allegation that his counsel was paid by his drug supplier and was only concerned that Petitioner not implicate his supplier.  Petitioner alleges that his counsel stated from the outset that, "I do not represent rats."

2

While this would pose a constitutional problem if true, the Court finds these allegations to be lacking credibility. In a later affidavit, Petitioner stated that his counsel "continuously prodded him to act as informant for law enforcement and when Petitioner refused counsel became indifferent towards the Petitioner and the attorney client relationship deteriorated." (§ 2255 Mot. at 7.) In one breath Petitioner accuses his counsel of protecting his drug supplier's interest, and in another, claims that his counsel prodded him to act as an informant. Petitioner cannot have it both ways. Because Petitioner's own affidavits are conflicting, the Court will not accept the allegations as true "because they are contradicted by the record." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Therefore, Petitioner is unable to state a claim for ineffective assistance of counsel based on his counsel's alleged conflict of interest.

Petitioner next alleges that his counsel was ineffective in failing to request postponement of his sentencing until after the Supreme Court's decision in *Blakely*. Although *Blakely* was pending at the time of Petitioner's sentencing, counsel was not deficient in requesting postponement. *Blakely* held that a defendant's sentence could not be enhanced above the statutory maximum based on fact not found by a jury. *Blakely*, 542 U.S. at 304. Since Petitioner was not sentenced above the statutory maximum, however, the concerns implicated in *Blakely* were inapplicable to Petitioner's sentence. "Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the application of the federal Sentencing Guidelines by declaring the Guidelines advisory only." *United States v. Burgess*, 142 F.App'x 232, 240 (6th Cir. 2005). Thus, counsel's performance was not deficient.

Moreover, even if counsel's performance was deficient, Petitioner did not suffer any

3

prejudice.  As previously noted, *Blakely* would not have applied to Petitioner's sentence because he was not sentenced above the statutory maximum.  Further, he did not suffer prejudice based on the then-mandatory sentencing guidelines because the Sixth Circuit held that *Blakely* did not invalidate the guidelines.  *United States v. Koch*, 383 F.3d 436, 438 (6th Cir. 2004).  Although the Supreme Court's decision in *Booker* reversed *Koch*, there would have been no effect on Petitioner's sentence because *Booker* is inapplicable on collateral review.  *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).  Therefore, counsel's failure to request postponement of Petitioner's sentencing was neither deficient nor prejudicial to Petitioner under the *Strickland* standard.  Thus, Petitioner's ineffective assistance of counsel claims are without merit.

Petitioner also argues that he should not have been denied acceptance of responsibility for testing positive for drugs while on bond.  However, the Sixth Circuit has held that a positive test for drugs while on bond is a sufficient basis for a court to deny acceptance of responsibility.  *United States v. Walker*, 182 F.3d 485, 488 (6th Cir. 1999).  Therefore, Petitioner's § 2255 motion is denied.

Finally, Petitioner has filed motions to stay adjudication and for discovery of numerous materials.  However, Petitioner is unable to show how these materials would influence or bolster his claims in this pending § 2255 motion.  To be permitted discovery, Petitioner "must present specific allegations which give reason to believe that, if the facts are fully developed, he may be entitled to habeas relief."  *Franco v. United States*, No. 98-5702, 1999 WL 623354, at *1 (6th Cir. Aug. 9, 1999).  Petitioner fails to state what he hopes to find in the requested materials or provide any reason for how the materials would further his § 2255 motion.  Therefore, Petitioner has not met his burden, and the Court denies his request for additional discovery.  Moreover, the Court denies Petitioner's motion to stay adjudication and motion to proceed *in forma pauperis* as moot.

4

## No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## Conclusion

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED. In addition, a certificate of appealability will be DENIED.

A separate order will issue.

Dated:  October 12, 2007                              /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE

5

6